# ACCOUNTANTS

## INCOME TAX — DISCLOSURE OF TAX INFORMATION PERMITTED AS PART OF QUALITY REVIEW PROGRAM

July 15, 1993

*The Honorable Michael E. Busch*
*House of Delegates*

You have requested our opinion whether Maryland law prohibits certified public accountants in Maryland from participating in professional quality reviews of their work. In particular, you ask whether the disclosure of client tax information that is a necessary part of these quality reviews would violate the prohibition on the disclosure of such information set out in §13-207(b) of the Tax-General Article, Maryland Code ("TG" Article).

For the reasons stated below, we conclude that neither TG §13-207(b) nor any other provision of Maryland law prohibits disclosure of client information by one CPA firm to another as part of a quality review program, so long as the CPA firm receiving the information maintains it in confidence.

## I

### Quality Review

As we understand the facts, members of the American Institute of Certified Public Accountants and its Maryland affiliate, the Maryland Association of Certified Public Accountants, are required to engage in a form of peer monitoring called "quality review." Under this process, a CPA firm engages an outside firm to review its work papers on a confidential basis and comment on the quality of the accounting work performed. The reviewing firm is hired as an agent of the firm undergoing the review and is held to the same confidentiality requirements as apply to the employees of the firm under review. The purpose of the program is to help the firm under review identify and correct any deficiencies in its methods.

The Maryland State Board of Public Accountancy has adopted a regulation stating that the general prohibition of unconsented

disclosure of "confidential information pertaining to [the CPA's] client" does not prohibit "disclosures in the course of a quality review of a licensee's professional services." COMAR 09.24.01.04C(1)(c). The Accountancy Board, moreover, has taken the position that client consent to the disclosure of information to the reviewing firm is not required so long as the reviewing firm is employed by the firm under review.

At least one CPA firm has suggested, however, that Maryland law relating to the confidentiality of tax-related information prohibits the disclosures necessary under the quality review program. To explain why we do not agree with this suggestion, we turn to the relevant statutes.

## II

### Confidentiality Requirements

Until 1990, Maryland law contained a near-absolute prohibition on the disclosure of client information by a CPA:

> A certified public accountant or any person employed by him may not disclose the contents of any communication made to him by a person employing him to examine, audit, or report on any book, record, account, or statement nor may he disclose any information derived from the person or material in rendering professional service unless the person employing him or his personal representative or his successor in interest permits it expressly.

Former §9-110(a) of the Courts and Judicial Proceedings Article ("CJ" Article). Although codified in the portion of the Courts Article that contains various evidentiary privileges, the prohibition in CJ §9-110 was very broad in its sweep. *See generally Hare v. Family Publications Service, Inc.* 334 F.Supp. 953, 960-61 (D. Md. 1971); *Grant Thornton v. State Bd. of Public Accountancy*, No. 1725 (Ct. Spec. App. July 7, 1989) (unreported). The only exceptions set

out in former CJ §9-110 had to do with enforcement of the criminal laws and bankruptcy proceedings.

In Chapter 289 of the Laws of Maryland 1992, the General Assembly repealed former CJ §9-110 and enacted an entirely new section in its stead. The new section continues to prohibit a CPA or CPA firm from disclosing client communications or information. CJ §9-110(b). The new section, however, contains the following provision expressly authorizing disclosures in the course of a quality review:[1]

> (1) A licensed certified public accountant or firm may disclose any data to another certified public accountant or firm that conducts a quality review.
>
> (2) The disclosure permitted by paragraph (1) of this subsection:
>
> (i) Does not waive the privilege required by subsection (b) of this section; and
>
> (ii) Subjects a licensed certified public accountant or firm that conducts a quality review to the same duty of confidentiality applicable to the license[d] certified public accountant or firm undergoing the quality review.

CJ §9-110(c). One obvious purpose of this language is to ensure that the duty of confidentiality that was set out in broad terms in the former CJ §9-110 and that is carried forward to the new section would not itself be a barrier to the conduct of quality review programs. But the statutory language goes further: It states affirmatively that a CPA "may disclose any data to another [CPA]

---

[1] The term "quality review" is defined as "an independent appraisal, review, or study of the professional work of a licensed certified public accountant or firm in the practice of public accountancy that is made by a licensed certified public accountant or firm that is not affiliated with the licensed certified public accountant or firm undergoing a quality review." CJ §9-110(a)(7).

or firm that conducts a quality review."   The General Assembly decided that, as a matter of public policy, quality reviews were beneficial and ought to be encouraged.   *See* Senate Judicial Proceedings Committee, Bill Analysis of House Bill 155.   The General Assembly did so by employing permissive language that is as sweeping as the prohibitory language of the confidentiality requirement itself.

Under §13-207(b) of the Tax-General Article ("TG" Article), "[a]n income tax return preparer may not disclose any information that the preparer obtains while preparing or helping to prepare a return ...."   This general rule of tax confidentiality is modified by certain exceptions, including a disclosure that is "authorized expressly by a law of this State or the federal government." TG §13-207(b)(2).   The flat authorization to disclose information in the course of a quality review contained in the 1992 version of CJ §9-110(c) means that this disclosure is "authorized expressly by a law of this State ...."

This straightforward reading of the effect of CJ §9-110(c) on TG §13-207 advances the general intent of Maryland's income tax law to conform to federal law.   "'[The] State Legislature deliberately and intentionally pronounced a doctrine of conformance between the State income tax law and federal income tax law.'" *Katzenberg v. Comptroller*, 263 Md. 189, 198, 282 A.2d 465 (1971) (quoting 52 *Opinions of the Attorney General* 451, 452 (1967)).   Indeed, TG §10-107 instructs the Comptroller, to the extent practicable, to "apply the administrative and judicial interpretations of the federal income tax law to the administration of the income tax laws of this State."

Only a few years before the General Assembly enacted CJ §9-110(c), Congress amended §7216 of the Internal Revenue Code to authorize regulations under which tax return preparers may disclose information "for quality or peer reviews."   26 U.S.C. §7216(b)(3). "[T]he purpose of this provision is to enable a return preparer to obtain the benefits of having another return preparer review the first preparer's work."   H.R. Rep. No. 101-247, 101st Cong., 1st Sess. 1401 (1989), *reprinted in* 1989 U.S. Code Cong. & Admin. News

1906, 2871.[2]  While it might have been preferable for the General Assembly to have amended TG §13-207, the counterpart to §7216 of the Internal Revenue Code, by cross-referencing CJ §9-110(c), the amendment to CJ §9-110 was intended to have the same effect, in our opinion.[3]

Because disclosure is thus authorized, the criminal penalty in TG §13-1019 for unlawful disclosure of information by an income tax return preparer is inapplicable.[4]  There is no violation of TG §13-207 if a tax preparer complies with CJ §9-110(c).


### III

### Conclusion

In summary, it is our opinion that Maryland law does not prohibit the disclosure of information, including tax return information, from one CPA firm to another in the course of a quality review program.


J. Joseph Curran, Jr.
*Attorney General*

Jack Schwartz
*Chief Counsel*
*Opinions & Advice*

---

[2] The regulations are set out at 26 C.F.R. §301.7216-2(o).

[3] One letter in support of the bill that enacted CJ §9-110(c) pointed out the amendment to §7216 and urged the General Assembly "to amend the state code to also permit such disclosure.  This bill will accomplish that need."  Letter from Daniel C. Conkling, CPA, to Delegate John S. Arnick (Feb. 7, 1990).

[4] TG §13-1019 provides as follows:  "Any income tax return preparer who discloses information in violation of §13-207 of this title is guilty of a misdemeanor and, on conviction, is subject to a fine if not less than $500 or more than $10,000."